**LOCAL FORM 4**                                                                  **August 1, 2010**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

In re:

| | | |
|---|---|---|
| **Steven Dale Marshall** | ) | Case No. |
| **Laura Yarnall Marshall** | ) | |
| | ) | |
| | ) | |
| | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | |

**DETAILS OF  CHAPTER 13 PLAN**
**FOR CASES FILED ON OR AFTER  AUGUST 1, 2010**

The following information supplements and details the specific provisions of the debtor(s) plan, are incorporated therein, and should be read together with the attached Chapter 13 plan.

**APPLICABLE MOTIONS**

**Check the motions applicable to this plan.**
- [ ] **Motion to Value Liens Includes Valuation of Property Securing A Claim**
- [x] **Motion to Value Liens includes Valuation of Property Securing A Claim in an Amount Less than the Amount of the Claim**
- [x] **Motion to Avoid Liens §522(f)**
- [ ] **Motion to Assume Executory Contract(s) and Unexpired Leases**
- [ ] **Motion to Reject Executory Contract(s) and Unexpired Leases**
- [ ] **No Motions Applicable to this Plan**

**PLAN PAYMENTS; ADMINISTRATIVE COSTS**

**1.**  a.  The base plan proposes to pay $ __1,935.00__ per month for __60__ months

(est. payout to unsecureds __22__ %)

**OR**

b.  The percentage plan proposes to pay $      per month for      % payout to unsecureds.

c.  If applicable, the plan will also be funded by: __NONE__

d.  The attorney for the debtor(s) has received $__257.00__ of the total base attorney fee of $__3,250.00__.

**CLASSIFICATION AND TREATMENT OF CLAIMS**

**2.**      **Secured Claims**

a.  Treatment of Secured Claims:

| Creditor | Collateral | Value of Coll. | Claim Amt. | Treatment | Int. Rate (numeric) |
|---|---|---|---|---|---|
| 1. **Bank Of America** | **1 lot  with a small home.  The tax value is $89,170.00.  This is the debtors' home.** | **89,170.00** | **8,272.00** | **Avoidance** | **0.00** |
| 2. **Citibank Bankruptcy Division** | **1 lot  with a small home.  The tax value is $89,170.00.  This is the debtors' home.** | **89,170.00** | **6,600.00** | **Avoidance** | **0.00** |

| | Creditor | Collateral | Value of Coll. | Claim Amt. | Treatment | Int. Rate (numeric) |
|---|---|---|---|---|---|---|
| 3. | **Discover Fin** | **1 lot with a small home. The tax value is $89,170.00. This is the debtors' home.** | **89,170.00** | **4,289.00** | **Avoidance** | **0.00** |
| 4. | **Nc State Employees C** | **1 lot with a small home. The tax value is $89,170.00. This is the debtors' home.** | **89,170.00** | **15,435.00** | **Avoidance** | **0.00** |
| 5. | **Bank of America Home Loans** | **1 lot with a small home. The tax value is $89,170.00. This is the debtors' home.** | **89,170.00** | **128,010.00** | **Conduit** | **6.375** |
| 6. | **Hsbc Mortgage Servic** | **.47 acre with a small home on it. Tax Value is $47,800.00. This is a home the female debtors' daughter lives in the house.** | **47,800.00** | **48,679.00** | **Conduit** | **variable 7.25** |
| 7. | **First Citizens Bank &** | **2005 Chevy Impala with 111,000 miles. NADA clean retail value is $7500.00. Appraised Value $4500.00.** | **4,500.00** | **6,080.00** | **As valued** | **Till 5.25** |

b.   Pre-petition arrearages, if any, to be paid through the Chapter 13 Trustee:

| Creditor | Collateral | Pre-pet. arrearage |
|---|---|---|
| **-NONE-** | | |

c.   Monthly Conduit Payment

| | Creditor | Mo. Conduit Payment |
|---|---|---|
| 1. | **Bank of America Home Loans** | **842.00** |
| 2. | **Hsbc Mortgage Servic** | **394.00** |

d.   Insurance information for secured claims (real property or motor vehicles)

| | Collateral | Insurance Agent and Address | Vehicle Mileage | VIN |
|---|---|---|---|---|
| 1. | **1 lot with a small home. The tax value is $89,170.00. This is the debtors' home.** | **NC Farm Bureau; 942 W Pine Street; Mt Airy, NC 27030** | **NA** | **NA** |
| 2. | **.47 acre with a small home on it. Tax Value is $47,800.00. This is a home the female debtors' daughter lives in the house.** | **NC Farm Bureau; 942 W Pine Street; Mt Airy, NC 27030** | NA | NA |
| 3. | **2005 Chevy Impala with 111,000 miles. NADA clean retail value is $7500.00. Appraised Value $4500.00.** | **NC Farm Bureau; 942 W Pine Street; Mt Airy, NC 27030** | **112000** | **2g1wf55e959193846** |

**3.      Priority Claims**

a.   Section 507(a)(2-10) Priority Claims

i.      ☒ None

**OR**

ii.     The names and amounts of all claims entitled to priority under 11 U.S.C. Section 507, other than DSOs:

| Name | Claim Amount |
|------|-------------|
|      |             |

b.   Domestic Support Obligations ("DSOs")

   i.   ☒ None

   **OR**

   ii.   The name, address and phone number including area code of the holder of any DSO as defined in 11 U.S.C. Section 101(14A), and amount of pre-petition arrearage owed, if any.

| Name of Holder | Address (incl. city, state, zip code) | Telephone | Amt. of Any Pre-Pet. Arrearage |
|----------------|---------------------------------------|-----------|-------------------------------|
|                |                                       |           |                               |

**4.     Special Terms**

   a.   ☐ None

   b.   Special Treatment of Unsecured Claims, and Explanation of Treatment

   c.   Brief Comment Explaining Direct Payment Treatment for Secured Claims under Paragraph 3(a)(2)

   d.   ☒ Pay no interest on mortgage arrearages **OR** ☐ Pay interest on mortgage arrearages at a rate of __%

   e.   Other Special Terms:

   **Creditors of the female debtor will receive the vast majority if not all of the dividend to the unsecured creditors due the the excess equity arising from her sole asset.  The creditors of the male debtor should expect less than a 1% dividend.**

**5.     Plan Motions:**

(a) Section 522 (f) Personal Property and Household Goods Lien Avoidance:

| Creditor | Acct. # Last 4 Digits | Debt Amount | Description of Property |
|----------|----------------------|-------------|-------------------------|
| **-NONE-** |                    |             |                         |

(b) Section 522(f) Judicial Lien Avoidance

| Creditor | Judgment Bk and Pg | Registry | Judgment Date | Judgment Lien Amount |
|----------|--------------------|----------|---------------|----------------------|
| 1. **Bank Of America** | electronic | SURRY | **4-2011** | **$8,272.00** |

Real property to which the lien attaches: **1 lot  with a small home.  The tax value is $89,170.00.  This is the debtors' home.**
Value of debtor(s) interest in this real property is: **$89,170.00**
Amount of exemption claimed in the real property: **$0.00**

| Creditor | Judgment Bk and Pg | Registry | Judgment Date | Judgment Lien Amount |
|----------|--------------------|----------|---------------|----------------------|
| 2. **Citibank Bankruptcy Division** | electronic | SURRY | 6-27-2010 | **$6,600.00** |

Real property to which the lien attaches: **1 lot  with a small home.  The tax value is $89,170.00.  This is the debtors' home.**
Value of debtor(s) interest in this real property is: **$89,170.00**
Amount of exemption claimed in the real property: **$0.00**

| Creditor | Judgment Bk and Pg | Registry | Judgment Date | Judgment Lien Amount |
|---|---|---|---|---|
| **3.    Discover Fin** | electronic | SURRY | 10-24-2010 | **$4,289.00** |

Real property to which the lien attaches: **1 lot  with a small home.  The tax value is $89,170.00.  This is the debtors' home.**
Value of debtor(s) interest in this real property is: **$89,170.00**
Amount of exemption claimed in the real property: **$0.00**

(c) Assumption or Rejection of Executory Contracts and Unexpired Leases

| Creditor | Assume or Reject | Amt.of Arrears in Plan | # of Months To Cure |
|---|---|---|---|
| **-None-** | | | |

**[YOU MAY DELETE SECTIONS OF THIS PLAN DETAIL FORM THAT ARE NOT APPLICABLE TO THE DEBTOR(S) PLAN]**

**LOCAL FORM 4**                                                              **August 1, 2010**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

In re:                                                    )
     **Steven Dale Marshall**                              )            Case No.
     **Laura Yarnall Marshall**                            )
                                                          )
                                                          )
                                                          )            Chapter 13
                                                          )
            Debtor(s)                        )

**CHAPTER 13 PLAN INCLUDING NOTICE AND MOTION(S) FOR VALUATION;
MOTION(S) TO AVOID CERTAIN LIENS; MOTION(S) FOR ASSUMPTION
AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES.
NOTICE OF OPPORTUNITY FOR HEARING ON CONFIRMATION OF THE PLAN INCLUDING ALL MATTERS AS SET
FORTH IN THE PLAN
FOR CASES FILED ON OR AFTER AUGUST 1, 2010**

     The following is the Chapter 13 plan proposed by the above-named debtor(s).  **THE DETAILS OF THIS PLAN
ARE SET FORTH IN THE  PLAN DETAILS (AND ANY AMENDMENT THERETO) ATTACHED TO THIS PLAN AND
ARE INCORPORATED HEREIN.**  The plan may also include in its provisions certain motions to avoid liens, motions for
valuation of collateral securing claims, and motions to assume or reject executory contracts and unexpired leases.

     **The Motions Applicable To This Plan Are Noted on Page 1 of the Plan Details**

TAKE NOTICE:  Your rights may be affected. You should read the plan carefully, including any motions contained in the
plan,  and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.

     If you do not want the Court to confirm the proposed plan of the debtor(s), including any of the motions included in
the plan, or if you want the court to consider your views on these matters, then you or your attorney must file with the Court
a written objection to confirmation and request for hearing on confirmation at one of the following addresses:

          Cases filed in the Charlotte, Shelby or Wilkesboro Divisions:
          Clerk, U.S. Bankruptcy Court, P.O. Box 34189, Charlotte, N.C. 28234-4189

          Cases filed in the Asheville or Bryson City Divisions:
          Clerk, U.S. Bankruptcy Court, Room #112, 100 Otis Street, Asheville, N.C. 28801

     Your objection to confirmation and request for hearing must include the specific reasons for your objection, and
must be filed with the Court no later than fourteen (14) days following the conclusion of the Section 341(a) meeting of
creditors.  If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court
will receive it on or before the deadline stated above.  You must also serve a copy of your objection to confirmation on the
debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee at their addresses as they are listed in the notice of the
meeting of creditors.  If any objections to confirmation are filed with the Court, the objecting party will provide written notice
of the date, time and location of the hearing on the objection.  No hearing will be held unless an objection to confirmation is
filed.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the
debtor(s), including any motions contained in the plan, and may enter an order confirming the plan and granting the
motions. **Any creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's
acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A).**

     STANDING STAY MODIFICATION:  The automatic stay provided in 11 U.S.C. § 362(a) is modified in Chapter 13
cases as follows:  Affected secured creditors may contact the debtor about the status of insurance coverage on property
used as collateral.  If there are direct payments to creditors, affected secured creditors may contact the debtor in writing
about any payment in default; and shall send to the debtor statements, payment coupons or other correspondence that the
creditor sends to its non-debtor customers.  Such actions do not constitute violations of 11 U.S.C. § 362(a).

## PLAN PAYMENTS; ADMINISTRATIVE COSTS; PROOFS OF CLAIM

**1.     The Proposed Plan Payments Are Set Forth in Paragraph 1 of the Plan Details**

**2.     Administrative Costs**

a. Attorney's Fees.       The total base attorney fee, and the amount the attorney has received are set forth in Paragraph 1(d) of the Plan Details.  The remainder of the base fee shall be paid through the plan by the trustee on a pro rata basis with required monthly payments to allowed secured claimants.

b. Trustee's Costs.       The trustee shall be entitled to reimbursement of  fees and costs up to the statutory maximum on each disbursement made by the trustee, regardless of whether it is paid prior to or following confirmation.

**3.     Filing of Proofs of Claim**

a.  The trustee shall only distribute payments, including adequate protection and conduit mortgage payments, to creditors who have actually filed proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a).  However, if a creditor does not file a timely proof of such creditor's claim, then either the debtor(s) or the trustee may file such a claim as provided for by 11 U.S.C. Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

b.  The trustee shall mail payments and provide notices to the address provided on the filed proof of claim or amended proof of claim or filed name or address change or assignment or transfer of claim filed with the Court

## CLASSIFICATION AND TREATMENT OF CLAIMS

**4.     Secured Claims**

        Other than conduit mortgage payments or secured claims that are to be paid directly by the debtor(s),  the trustee shall pay the value of all allowed secured claims, on a pro rata basis in monthly amounts sufficient to provide adequate protection, as indicated in Paragraph 2(a) of the Plan Details, pursuant to the following treatment classifications:

a.  For purposes of the plan, the treatment of each claim is specified in Paragraph 2(a) of the Plan Details.  Treatment shall be one of the following:  (1) Mortgage payment through Chapter 13 Trustee: "**Conduit**;" (2) Direct payment by the debtor(s) : "**Direct**", (if mortgage, only as authorized by the Court) and include a brief comment in "Special Terms" of Plan Details as to why this treatment is proposed; (3) Payment in full by the Chapter 13 Trustee through the plan where Section 506(a) does not apply:  "**910/365**";  (4) Payment of the value of the collateral by the Chapter 13 Trustee through the plan where Section 506(a) does apply: "**As valued**";  (5) Debtor(s) will surrender the collateral: "**Surrender**", or (6) File proceeding to determine validity of lien: "**Avoidance**."

b. For secured claims to be paid directly by the debtor(s) or secured claims paid through the Chapter 13 Trustee, the amount of prepetition arrearages shown in Paragraph 2(b) of the  Plan Details, if any, to be paid through the Chapter 13 Trustee:

c. Monthly Conduit Payment - details are shown in Paragraph 2(c) of the Plan Details.

If the treatment option for secured claims is "**Surrender**", the debtor(s) surrenders any interest in the collateral securing the claims of the specified creditors.  Upon confirmation, the automatic stay will be deemed lifted for the collateral and the creditor need not file a motion for relief from stay in order to repossess, foreclose upon or sell the collateral.  Nothing herein is intended to lift any applicable co-debtor(s) stay, or to abrogate the debtor(s)' state law contract rights.

d.  For claims secured by improved real property or motor vehicles, information regarding  insurance, vehicle mileage, and vehicle identification number are shown in paragraph 2(d) of the Plan Details

**5.     Priority Claims**  All claims entitled to priority under 11 U.S.C. Section 507 and 1322 shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

a.  Section  507(a)(2-10) Priority Claims

All priority claims other than DSOs shall be paid in full on a pro rata basis after the payment in full of all DSO priority claims.  Such priority claims, if any, are listed in Paragraph 3(e) of the Plan Details.

      b.  Section 507(a)(1) Domestic Support Obligations ("DSOs")

All post-petition DSOs, including post-petition DSOs assigned to a governmental unit, will be paid directly to the holder by the debtor(s) or to the assignee of the claim and not through the Chapter 13 Trustee unless otherwise specified under the "Special Terms" section of the plan.  Domestic Support Obligations, if any, are listed on Paragraph 3(b) of the Plan Details.

DSO Prepetition Arrearages (as noted in Paragraph 3(b) of the Plan Details) Owed to DSO Holders Under 11 U.S.C. Section 507(a)(1)(A), or assigned to a governmental unit, to be paid in full through the Chapter 13 plan on a pro-rata basis after payment of secured claims and the attorney fee and prior to payment of any non-DSO priority claim, unless a different treatment is proposed under the "Special Terms" section of the plan.

**6.      General Unsecured Claims Not Separately Classified.**  General unsecured claims shall be paid on a pro rata basis with payments to commence after the payment of all administrative, secured and priority unsecured claims in full.

**7.      Special Terms are noted in Paragraph 4 of the Plan Details.**

**8.      Plan Motions** (see Paragraph 5 of the Plan Details):

### Motion to Value All Liens in Paragraph 2(a)

The debtor(s) hereby moves the Court to value the collateral of each of the creditors described in Paragraph 2(a) of the Plan Details (except those creditors whose claims are classified as conduit or to be paid directly or to be paid in full by the Chapter 13 Trustee where Section 506(a) does not apply) at the collateral value stated. To the extent that the amount of the debt of any such creditor exceeds the stated collateral value, the debtor(s) hereby moves the Court that said difference be treated in the Chapter 13 plan as a general unsecured claim without priority.  The debtor(s) further moves the Court that the lien of each creditor listed upon the collateral listed hereinabove be satisfied upon payment of the collateral value and the issuance of the debtor(s) discharge.

### Motion to Avoid Non-Possessory, Non-Purchase Money Security Interests in Household Goods and Personal Items

The debtor(s) is indebted to certain designated creditors listed in Paragraph 2(a) of the Plan Details, in the amounts stated.  As security for the debt, each such creditor insisted upon, and the debtor(s) executed, a waiver of exemption of certain property, and a security agreement granting said creditors a non-possessory, non-purchase money security interest in household goods which is property delineated by 11 U.S.C. Section 522(f)(2) and which is held primarily for the personal, family or household use of the debtor(s) or a dependent of the debtor(s). The debtor(s) believes that a financing statement may have been properly filed evidencing each such creditor's security interest and liens:

The debtor(s)' interest in any item of property referred to above does not exceed the value claimed as exempt. The money borrowed from each such creditor does not represent any part of the purchase money of any of the items covered by each such creditor's security agreement.  The existence of each such creditor's lien on the debtor(s)' household goods and personal items impairs the exemptions to which the debtor(s) would be entitled under Section 1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law.  The debtor(s) moves the Court for the cancellation and avoidance of the security interest of each such creditor in the debtor(s)' personal and household goods, effective upon discharge.

### Motion to Avoid Judicial Liens

Judgments were obtained by certain designated creditors listed in Paragraph 2(b) of the Plan Details in cases before the General Court of Justice of the State of North Carolina, and said judgments have been recorded in the Public Registry as indicated in Paragraph 5(b) of the Plan Details.

The judgments noted in Paragraph 5(b) of the Plan Details created liens on the real property in which the debtor(s) has an interest.  The real property, its value, and the exemption claimed by the debtor(s) are more specifically described in Paragraph 5(b) of the Plan Details

The aforesaid liens constitute judicial liens under 11 U.S.C. Section 522(f)(1).  The property which this judicial lien encumbers is property which the debtor(s) is entitled to exempt under 11 U.S.C. Section 522 and the debtor(s) has

claimed an exemption in the stated amount. The existence of this judicial lien impairs the exemption to which the debtor(s) is entitled under Section 1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law.

The debtor(s) respectfully moves the Court to issue an order compelling the above-stated creditors to cancel and avoid their judicial liens upon the real property described herein, effective upon discharge.

## Motion to Assume or Reject Executory Contracts and Unexpired Leases

a.       The debtor(s) moves to assume or reject the executory contracts and unexpired leases as listed in Paragraph 5(c) of the Plan Details.  If assumed, payments due after the filing of the case will be paid directly by the debtor(s) rather than by the trustee.

b.       Unless otherwise provided, the debtor(s) proposes to promptly cure any pre-bankruptcy defaults on the assumed leases or contracts over the period of months stated, with said payments to be made by the trustee.

## General Provisions

1.       To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim.  Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

2.       Confirmation of this plan does not bar a party in interest from objecting to a claim for good cause shown.

3.       Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or one-hundred eighty (180) days if the property is real estate or manufactured housing) (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay.  For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

4.       If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

5.       Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.  All property of the debtor remains vested in the estate until completion of the plan.

6.       All arrearages paid under the provisions of the plan will either accrue interest at the interest rate set forth in the plan under paragraph 4(d) of the Plan Details, or will accrue no interest if the plan so designates this treatment under the same paragraph.  "Administrative Arrearages" is defined as the total amount of two full post-petition mortgage payments, which for purposes of distribution will be created by the Bankruptcy Trustee or added to the pre-petition arrearage claim if it exists.

7.       Confirmation of the plan shall impose a duty on Real Property Creditors and/or servicers of such Creditors, with respect to application of mortgage and mortgage-related payments, to comply with the provisions of 11 U.S.C. §524(i), Local Rule 4001-1(e) and all Administrative Order(s) of the Bankruptcy Court relating to Arrearages, Administrative Arrearages, Mortgage Payments, and Conduit Mortgage Payments.  The terms and conditions of the respective Administrative Orders are specifically incorporated herein by this reference as if completely set-forth with respect to the acceptance and application of all funds pursuant to the Conduit Mortgage Payment Rule.  As a result, all Real Property Creditors and/or servicers for such Creditors shall have an affirmative duty to do the following upon confirmation of the Plan:

A.       To apply all post-petition payments received from the Chapter 13 Trustee and designated to the pre-petition arrearage claim and the administrative arrearage claim only to such claims;

B.      To apply all post-petition payments received from the Chapter 13 Trustee and designated as Conduit Mortgage Payments beginning with the calendar month and year designated for payment by the Court in the Order Confirming Plan;

C.      To apply all post-petition payments received directly from the Debtor in a non-conduit mortgage plan only to post-petition payments unless otherwise ordered by the Court;

D.      To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor based solely on the pre-petition default;

E.      To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor (including additional interest, escrow and taxes) unless notice of such fees and charges has been timely filed pursuant to the Administrative Orders of the Court, and a proof of claim has been filed and has not been disallowed upon objection of the Chapter 13 Trustee or the Debtor;

F.      To the extent that any post-confirmation fees or charges are allowed pursuant to the said Administrative Order and are added to the Plan, to apply only payments received from the Chapter 13 Trustee and designated in payment of such fees and charges to such fees and charges.

G.      To the extent that any post-confirmation fees or charges are allowed pursuant to the said Administrative Order and are NOT added to the Plan, to apply only payments received directly from the Debtor and designated in payment of such fees and charges to such fees and charges.

8. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

I declare under penalty of perjury that the information provided in the Chapter 13 Plan, including Motion(s) for Valuation; Motion(s) to Avoid Certain Liens; and Motion(s) for Assumption and Rejection of Executory Contracts and Unexpired Leases; as to all matters set forth herein are true and correct.

Dated:   **May  6, 2011**                                  **/s/ Steven Dale Marshall**
                                                           **Steven Dale Marshall**
                                                           Debtor's Signature

Dated:   **May  6, 2011**                                  **/s/ Laura Yarnall Marshall**
                                                           **Laura Yarnall Marshall**
                                                           Debtor's Signature

I hereby certify that I have reviewed this document with the debtor(s) and that the debtor(s) have received a copy of this document.

Dated:   **May  6, 2011**                                  **/s/ Thomas C. Flippin**
                                                           **Thomas C. Flippin 29210**
                                                           Attorney for Debtor(s)